Breitel, J. (dissenting).
The present decision marks another fluctuation among the unpatterned rulings in sex cases caused by the unsatisfactory corroboration rule (see concurring opn. in People v. Radunovic, 21 N Y 2d 186, 190-192). It does not contribute to a rule of law, but only exemplifies the understandable resistance to a rule that does not lend itself to rational application to the complex variations of facts which arise.
Complainant’s testimony that defendant had removed a change purse from her person while he was raping her was the only evidence to support the larceny and robbery charges. This testimony was inseparable, by reason of the unity of time, place, and circumstances, from that which would also render the *569 accused guilty of rape. Nor was there proof of the elements embraced in the other or lesser crimes charged other than the testimony which required corroboration. Hence, the lack of corroboration requires reversal of the robbery and larceny convictions (compare People v. Radunovic, supra, with People v. Lennon, 22 N Y 2d 677, and People v. Jenkins, 22 N Y 2d 675). Thus, in the Lennon ease it was said (p. 678): “ The testimony of the complaining witness as to the consummated rape, though relevant, was not a necessary element to support the defendant’s conviction on the charge of robbery in the first degree. The requirement of corroboration, under section 201.3 of the former Penal Law, extends only to those charges which are based solely upon evidence which, if believed, would render the accused guilty of the crime of rape.”
Accordingly, I dissent and vote to modify and remand the action for a new trial.
Judges Burke, Scileppi, Keating and Jasen concur with Judge Bergan ; Chief Judge Fuld dissents and votes to modify in a memorandum; Judge Breitel dissents and votes to modify in an opinion.
Judgment affirmed.